John R. Enright Department of Local Affairs Colorado Bureau of Investigation 2002 S. Colorado Boulevard Denver, Colorado 80222
Dear Mr. Enright:
I am writing in response to your request of March 30, 1982, for a formal legal opinion on the status of attorney general opinion 73-0039 issued by John P. Moore on November 13, 1973 concerning whether or not local law enforcement agencies can and/or should forward juvenile arrest/identification records to the Colorado Bureau of Investigation and to whom and under what circumstances may the CBI release such information.
QUESTION PRESENTED AND CONCLUSION
Your inquiry basically raises one specific question:
In light of recent statutory changes, is attorney general opinion 73-0039 still correct in its conclusion that the CBI is precluded from either obtaining juvenile information from local enforcement agencies or releasing said information to local law enforcement agencies?
 With the exception of certain limited records the CBI is still precluded from maintaining or releasing juvenile arrest and conviction information.
ANALYSIS
The powers and duties of the Colorado Bureau of Investigations are now found in C.R.S. 1973, 24-32-401 et seq. Section 412(3) of that title and article as amended in the 1977 Colo. Sess. Laws, p. 1250, states:
 (3) Any other provision of law to the contrary notwithstanding and except for title 19, C.R.S. 1973, on and after July 1, 1971 in accordance with a program to be established by the bureau, every law enforcement correctional and judicial entity, agency or facility in this state shall furnish the bureau all arrest, identification, and final charge dispositional information on persons arrested in Colorado for federal, state, or out-of-state criminal offenses. . . .
(Emphasis added.)
Title 19 of C.R.S. 1973 is the Colorado Children's Code and at19-1-103(3) defines a child as . . . "a person under 18 years of age." Therefore, the Colorado Bureau of Investigation should neither require nor maintain records on any juvenile who has been involved in the judicial system pursuant to title 19 except in those cases where the child has been prosecuted as an adult pursuant to 19-1-104(4)(a), 19-1-107 and 19-3-108 (juvenile cases which are transferred for prosecution to adult court). Records in such cases are specifically authorized to go to the CBI since for the purposes of prosecution and conviction the child is being treated as an adult.
The Colorado Children's Code at 19-1-103(9)(a) states:
 (9)(a) `Delinquent child' means any child 10 years of age or older who, regardless of where the violation occurred, has violated:
 (I) any federal or state law, except non-felony state traffic and game and fish laws;
 (II) any municipal ordinance except traffic offenses, the penalty for which may be a jail sentence; or . . . .
Therefore, records of state and/or municipal traffic or game and fish law arrests, prosecutions and/or convictions are excluded from the jurisdiction of the Children's Code and thus are maintainable by the CBI and releasable pursuant to the Open Records Act and the Criminal Justice Records Act. C.R.S. 1973,24-72-201 et seq. and C.R.S. 1973, 24-72-301 etseq.
The statute referred to in Attorney General Moore's 1973 opinion concerning release of information to local law enforcement authorities (C.R.S. 1963, 22-2-2(6)) has been recodified and the subject matter thereof now appears at C.R.S. 1973, 19-2-102(5), (6) as amended, and states:
 (5) The records of law enforcement officers concerning all children taken into temporary custody or issued a summons under the provisions of this article shall be maintained separately from the records of arrest and may not be inspected by or disclosed to the public, including the names of children taken into temporary custody or issued a summons, except:
 (a) To the victim in each case after authorization by the district attorney;
 (b) When the child has escaped from an institution to which he has been committed;
(c) By order of the court;
 (d) When the court orders the child to be held for criminal proceedings as provided in section 19-1-104 (4); or
 (e) When there has been a criminal conviction and a presentence investigation is being made on an application for probation.
 (6) no fingerprint, photograph, name, address, or other information concerning identity of a child taken into temporary custody or issued a summons under the provisions of this article may be transmitted to the Federal Bureau of Investigation or any other person or agency except a local law enforcement agency when necessary to assist in apprehension or to conduct a current investigation, or when the court orders the child to be held for criminal proceedings, as provided in § 19-1-104(4).
Therefore, I agree with General Moore's conclusion that "the restrictions of the Colorado Children's Code precludes transmission of juvenile information to the C.B. I. and release of such information by the C.B. I. to local law enforcement agencies" except for those matters which have been statutorily excluded.
SUMMARY
In conclusion, it is my opinion that the restrictions enumerated in C.R.S. 1973, 24-32-412(3) preclude the CBI from either obtaining juvenile information or releasing said information to local law enforcement agencies except in (1) non-felony state or municipal traffic cases, (2) state game and fish law violations, or (3) cases where the child is prosecuted and convicted in adult court. Such records may be transmitted to the CBI and released pursuant to your standard procedures. If you have additional questions on this matter, please do not hesitate to contact me.
Very truly yours,
 J.D. MacFARLANE Attorney General
IDENTIFICATION JUVENILES ARREST
C.R.S. 1973, 19-1-103
C.R.S. 1973, 19-2-102(5) C.R.S. 1973, 19-2-102(6) C.R.S. 1973, 24-32-412(3)
AFFAIRS, LOCAL, DEPT. OF Colo. Bureau Investigation
The CBI is precluded from obtaining or releasing juvenile arrest or conviction information except in cases of 1) state or municipal non-felony traffic offenses, 2) state game and fish law violations and 3) cases when a juvenile is prosecuted as an adult. (This opinion is a clarification of former attorney general opinion 73-0039 in light of subsequent statutory changes.)